USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 98-1145 DAVID S. PORTER, CAROL ANN PORTER AND SONS REALTY TRUST, ET AL., Plaintiffs, Appellants, v. METROWEST BANK, ET AL., Defendants, Appellees. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] Before Torruella, Chief Judge, Selya and Boudin, Circuit Judges.   David S. Porter and Carol A. Porter on brief pro se. Kevin Hern, Jr., Craig J. Ziady, Riemer & Braunstein, DanielL. Goldgerg, S. Elaine McChesney, and Bingham Dana LLP on brief forappellees.November 3, 1998   Per Curiam. We have carefully reviewed the parties' briefsand the record on appeal. Appellants David S. Porter and his wife,Carol A. Porter, have appealed a district court "Order of Closure"which, in effect, is an order of abstention pending finalresolution of related state court litigation. The Porters havefiled this appeal despite Mr. Porter's statement at the districtcourt hearing that they did not oppose deferring this federalaction until after they have prevailed in their pending state courtlitigation. We have some concern about excusing the Porters fromtheir inconsistent position. Cf. Patriot Cinemas, Inc. v. GeneralCinema Corp., 834 F.2d 208, 211-15 (1st Cir. 1987) (applying thedoctrine of "judicial estoppel" or "preclusion of inconsistentpositions" to party that repudiated its prior representation instate court that it would not prosecute a state antitrust count). In any event, however, we conclude that there was no abuse ofdiscretion in the decision to abstain in this case. See ElmendorfGrafica, Inc. v. D.S. Am. (E.), Inc., 48 F.3d 46, 50 (1st Cir.1995). There is no merit to the Porters' claim that the abstentionorder violates their First Amendment right to petition the courts. We also reject the Porters' claim, first raised in this appeal,that the district court was biased and had an apparent conflict ofinterest. Although the court was candid in its views of thePorters' extended litigation history and strategy, these views hadsupport in the record and did not "display a deep-seated favoritismor antagonism that would make fair judgment impossible." Liteky v.United States, 510 U.S. 540, 555 (1994). The allegation of anapparent conflict of interest borders on the frivolous and requiresno further comment. Affirmed.